# EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT

| | |
|---|---|
| HAMPDEN, SS. | DEPARTMENT OF THE TRIAL COURT |
| | Civil Action No. #:  __2079CV00354__ |
| Lauren Peters             ) | |
|    Plaintiff,        ) | |
|       v.             ) | COMPLAINT |
| Town of West Springfield and   ) | |
| Daniel O'Brien            ) | |
|    Defendants.       ) | |

## JURISDICTION

1. This action is brought, pursuant to 42 U.S.C., Sections 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is founded upon M.G.L. c. 258 and the aforementioned statutory and constitutional provisions.

## PARTIES

3. The Plaintiff, LAUREN PETERS, is a natural person who resides at 145 Olive Street, Saranac Lake, New York.

4. The Defendant, THE TOWN OF WEST SPRINGFIELD, is a municipal corporation organized under the laws of the Commonwealth of Massachusetts and maintains and operates the West Springfield Police Department located at 26 Central Street, West Springfield, Massachusetts.

5. The Defendant, Daniel O'Brien, is a Captain with the West Springfield Police Department.

## FACTS

6. On August 30th, 2017 at approximately 00:35 hours, West Springfield Police Officers Dente, Cady, and Riley were dispatched to 71 Lower Mass Avenue in West Springfield, Massachusetts for a report of a potential domestic disturbance between Ann-Marie Mahoney and Lauren Peters.

7. Ann-Marie Mahoney, who is the owner of the property, was renting a room to Lauren Peters at the time. Ann-Marie Mahoney and Lauren Peters were involved in an exclusive, romantic relationship.

8. Upon arrival, Lauren Peters was found by officers outside of Ann-Marie Mahoney's home. Officer Dente brought Lauren Peters to the top of the driveway to remove her away from the other occupants and discuss the incident.

9. Lauren Peters weighed 115 pounds at the time of the incident and is 5'2'.

10. Lauren Peters was described as confrontational and combative by Officer Dente. He proceeded to place her hands behind her back in double-locked handcuffs.

11. The West Springfield Paramedics were called to take Lauren Peters to the hospital because it was believed that she was acting in an emotionally unstable manner.

12. Officer Cady alleges that Lauren Peters continued to act in a combative manner, and that she was trying to headbutt him and was striking at his legs.

13. According to Lauren Peters it would have been nearly impossible for her to headbutt Officer Cady, who was significantly taller, due to her size and decreased mobility due to her handcuffs. She also denies striking at his legs.

14. Lauren Peters repeatedly pleaded with the officers throughout the incident to loosen her handcuffs because they were excessively tight and causing pain. Her concerns were ignored.

15. Officer Cady then grabbed Lauren Peter's shoulders from behind and slammed her face first onto the pavement with excessive force in order to further restrain her and remove a shoulder bag that she was wearing.

16. Lauren Peters was unable to brace her fall due to her hands being restrained behind her back and suffered severe facial, dental, jaw, neck, and psychological injuries at the hands of Officer Cady.

17. Lauren Peters was then taken to Mercy Hospital where she received a psychiatric evaluation. She did not receive treatment for her facial injuries until the next day.

18. Dr. Benjamin Shalet from Baystate Hospital in Westfield, MA diagnosed Lauren Peters with a fractured jaw. He performed surgery on her jaw on September 11th, 2017 and had to insert multiple screws and wires to keep her jaw in place which were not removed until November 2017.

19. Since the incident, Lauren Peters has had and continues to have medical treatment for her severe injuries, has not been able to fix her two front teeth due to the associated costs, and has a permanent disfigurement to her lip which she is seeking to have remedied by a plastic surgeon.

20. Additionally, Lauren Peters sees a therapist and other providers relating to the psychological trauma that she suffered during the incident.

21. Lauren Peters was charged with four offenses related to the incident: Domestic Assault; Assault with a Dangerous Weapon; Assault and Battery on a Police Officer; and Resisting Arrest. She was tried in the Springfield District Court on April 17th, 2019 for these offenses and a jury acquitted her of all four charges after one day of trial.

22. On August 27th, 2019 the Plaintiff, through counsel, sent an M.G.L c.258 demand letter to the Town of West Springfield through certified mail.

## COUNT 1

### NEGLIGENCE

23. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 22.

24. The West Springfield Police Department was negligent in the way that it trained and supervised its police officers.

25. Officer Cady was negligent in his actions and the excessive use of force to restrain Lauren Peters.

26. The Defendants are liable for any foreseeable loss caused by their negligence.

27. As a direct and proximate result of the negligence of the Defendants, the Plaintiff has suffered personal injury, monetary loss, emotional distress, and has been otherwise damaged.

   WHEREFORE, the Plaintiff demands Judgement in such an amount as the Court deems equitable and just, plus interest, attorney's fees and costs.

## COUNT 2

### EXCESSIVE FORCE

28. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 27.

29. West Springfield Police Officer Cady used excessive force when restraining Lauren Peters with double locked handcuffs and when he maliciously threw her face first onto the pavement.

30. Lauren Peters was verbal about the pressure on her wrists from the excessively tight handcuffs.

31. Officer Cady had multiple non-violent options to further restrain Lauren Peters.

32. Lauren Peters claims that Officer Cady acted out of anger when he grabbed her shoulders and slammed her onto the ground with excessive force.

33. Lauren Peters has sought medical treatment for her injuries from the date of incident.

   WHEREFORE, the Plaintiff demands Judgement in such an amount as the Court deems equitable and just, plus interest, attorney's fees and costs.

## COUNT 3

### VIOLATION OF M.G.L. c. 258

34. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 33.

35. The West Springfield Police Department is a public employer under the definition of the statute.

36. West Springfield Officers Cady, Dente, and Riley were acting within the scope of their employment during the incident.

37. West Springfield Officer Cady acted unreasonably by using excessive force to further restrain Lauren Peters while other non-violent options were available.

38. As a direct and proximate result of the actions of the Defendant the City of West Springfield, the Plaintiff has suffered personal injury, monetary loss, emotional distress, and has been otherwise damaged.

WHEREFORE, the Plaintiff demands Judgement in such an amount as the Court deems equitable and just, plus interest, attorney's fees and costs.

## COUNT 4

### VIOLATION OF 42 U.S.C. §1983

39. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 38.

40. On August 27th, 2017 at approximately 00:35 hours, West Springfield Police Officers Cady, Dente, and Riley were dispatched to 71 Lower Mass Avenue in West Springfield, Massachusetts for a report of a potential domestic disturbance between Ann-Marie Mahoney and Lauren Peters.

41. During this incident Officers Cady, Dente, and Riley were acting under the color of state law when they deprived Lauren Peters of her First, Fourth, Fifth, and Fourteenth Amendment rights under the Constitution of the United States.

42. The Plaintiff was handcuffed by Officer Cady who used excessive force to further restrain her. She was then transported to Mercy Hospital for evaluation.

43. As a direct and proximate result of the actions of the Defendant the Plaintiff has suffered personal injury, monetary loss, emotional distress, and has been otherwise damaged.

WHEREFORE, the Plaintiff demands Judgement in such an amount as the Court deems equitable and just, plus interest, attorney's fees and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY.

4

THE PLAINTIFF,

By Her Attorney

*Harold I Resnic*

Harold I. Resnic, Esq.
BBO #417040
One Monarch Place
1414 Main Street, Suite 1450
Springfield, MA 01144
(413) 733-7110
Fax: (413) 747-8044
harold@resniclaw.com

Date: July 9, 2020

5